IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CALLIS COMMUNICATIONS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-627-KD-N |
| | ) | |
| HASCO MEDICAL, INC., | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

Currently pending before this Court is Plaintiff/Counterclaim Defendant Callis Communication, Inc.'s ("Callis") Motion to Dismiss Counterclaims and brief in support thereof (Docs. 21, 22) under Federal Rule of Civil Procedure 12(b)(6) which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Defendant/Counterclaim Plaintiff, Hasco Medical Inc., ("Hasco") has filed a response to the motion (Doc. 27) to which Callis has replied (Doc. 30). After careful consideration of the record, it is recommended that Callis' Motion to Dismiss (Doc. 21) be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Callis Communications Inc., brought this action against Hasco Medical, Inc., asserting causes of action for Account Stated (Count I), Open Account (Count II), and Breach of Contract (Count III) based on a Service Agreement ("Agreement") between the parties dated September 20, 2013 (Doc. 1 at 7-10). On January 31, 2017, Hasco filed its Answer to Callis'

1

Complaint asserting various affirmative defenses and a Counterclaim against Callis alleging two causes of action, Breach of Contract (Count I) and Declaratory Judgment (Count II). (Doc. 11, generally). Attached to its Counterclaim was the Service Agreement at issue in this action. (Doc. 11 at 11-17).

On February 20, 2017, Callis filed a Motion to Dismiss Hasco's Counterclaims asserting that the Breach of Contract counterclaim was due to be dismissed for failure to state a claim based on the express terms of the Agreement and asserting that Hasco's Declaratory Judgment counterclaim was due to be dismissed because it was redundant. (Doc. 22 at 3-6). On March 17, 2017, Hasco responded to Callis' Motion to Dismiss urging that it had properly stated claims upon which relief could be granted and that dismissal was not warranted. (Doc. 27, generally). Callis filed its Reply on March 22, 2017, and the motion is now ripe.

STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must first satisfy the pleading requirements of Rule 8(a)(2), which provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). While Rule 8 establishes a regime of "notice pleading," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512,

513-14, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002), it does not eliminate all pleading requirements.

First, the complaint must address all the elements that must be shown in order to support recovery under one or more causes of action. "At a minimum, notice pleading requires that a complaint contain inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under some viable legal theory." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (emphasis and internal quotes omitted).

Pleading elements is necessary, but it is not enough to satisfy Rule 8(a)(2). There must, in addition, be a pleading of facts. The rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" to satisfy that rule. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2009). The complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"

3

*Twombly*, 550 U.S. at 555, 557, 127 S. Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949. Furthermore, the court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681, 129 S. Ct. at 1951.

When considering whether a complaint states a claim for relief, the Court "should assume, on a case-by-case basis, that well pleaded factual allegations are true and then determine whether they plausibly give rise to an entitlement to relief." *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010). The Court notes that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.' " *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (*quoting GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)). It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law." *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.1991) (*citing Neitzke v. Williams*, 490 U.S. 319 (1989)), cert. denied, 502 U.S. 810 (1991).

## DISCUSSION

**A.  Breach of Contract**

Count One of Hasco's Counterclaim states in pertinent part:

4

14. Plaintiff agreed under the terms of the parties' services contract, to provide turnkey telecommunications services.

15. Plaintiff failed to provide adequate service in material breach of the parties' agreement.

16. Defendant performed as required under the parties' agreement.

17. Plaintiff's services failures resulted in substantial damages to Defendant, lost profit damages, reputational damages, and other damages.

(Doc. 11 at 7-8). Callis asserts that Count One of Hasco's Counterclaim is due to be dismissed because the damages sought by Hasco are prohibited by the express terms of the Agreement. (Doc. 22 at 3). Specifically, Callis contends that the damages sought by Hasco fall directly within the ambit of the waiver provision such that any action for said damages fails as a matter of law. The provision of the Agreement that is at the center of Callis' argument states in pertinent part, as follows:

> THE ENTIRE LIABILITY OF CALLIS FOR ALL CLAIMS OF WHATEVER NATURE ARISING FROM OR RELATED TO THE PROVISION OF SERVICE SHALL NOT EXCEED AN AMOUNT EQUAL TO THE GREATER OF THE SERVICE CHARGES TO CUSTOMER FOR THE PERIOD OF SERVICE DURING WHICH ANY MISTAKE, ACCIDENT, OMMISSION, INTERRUPTION, DELAY, ERROR, OR DEFECT OF SERVICE OCCURS. **IN NO EVENT SHALL CALLIS BE LIABLE FOR DIRECT, INDIRECT, SPECIAL, ACTUAL, PUNITIVE, CONSEQUENTIAL, INCIDENTAL OR EXEMPLARY DAMAGES, LOSS PROFITS, OR LOSS OF CUSTOMERS OR GOODWILL, REGARDLESS OF THE FORM OF ACTION, WHETHER IN CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE ARISING OUT OF THE PERFORMANCE OF THIS AGREEMENT.**

(Doc. 11 at 17)(emphasis added).¹ Hasco asserts that it properly pled its breach of contract claim and argues that the waiver of damages provision is so "lop-sided" that it should be deemed illusory and unenforceable. (Doc. 27 at 5). In support of its position, Hasco points out "[i]f Plaintiff's argument prevails on HASCO's breach of contract counterclaim, then Plaintiff never had to perform in the first place because, according to Plaintiff, HASCO could never obtain any damages from Plaintiff whatsoever." (*Id.*) Hasco, however, simultaneously requests that the Court "find that a contract does exist between the parties in the form of the Service Agreement, but also hold that the provisions rendering Plaintiff's promises illusory are unenforceable." (Doc. 27 at 4).

"It is settled law that if in its terms a contract is plain and free from ambiguity, then there is no room for construction and it is the duty of the court to enforce it as written." *See Ex parte South Carolina Ins. Co.*, 683 So.2d 987, 989 (Ala. 1996).² The question whether a contract is ambiguous is a question of law. *Ex parte Conaway*, 767 So.2d 1117 (Ala. 2000); *Sealing*

---

¹ Hasco attached the Agreement to its Counterclaim, thereby placing the document before this Court for consideration of Callis' Motion to Dismiss. *See Grossman*, 225 F.3d at 1231; *see also* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

² "In diversity cases, the choice-of-law rules of the forum state determine which state's substantive law applies." *Am. Family Life Assur. Co. of Columbus, Ga. v. U.S. Fire Co.*, 885 F.2d 826, 830 (11th Cir. 1989). "Alabama applies the traditional doctrine[ ] of *lex loci contractus* to contract claims ... The doctrine of *lex loci contractus* governs the validity, interpretation, and construction of the contract. *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala. 1991). The doctrine states that 'a contract is governed by the laws of the state where it is made except where the parties have legally contracted with reference to the laws of another jurisdiction.' *Id.*" *Colonial Life & Acc. Ins. Co. v. Hartford Fire Ins. Co.*, 358 F.3d 1306, 1308 (11th Cir. 2004). The contract which is the subject of this action contains a provision that venue is proper in Mobile, County Alabama (Doc. 1 at 7), therefore, Alabama law applies.

6

*Equip. Prods. Co. v. Velarde*, 644 So.2d 904, 908 (Ala. 1994). As an initial matter, Hasco does not allege that it did not agree to the terms of the Agreement, including the waiver of damages provision, nor does it allege that the terms of the subject provision are vague or ambiguous. Instead, Hasco urges that the provision is not enforceable because it is one-sided. Such an argument is not persuasive. *See Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F .3d 1285, 1290–91 (11th Cir. 2001)(* "It is well-settled that if the terms of a contract, [here the Services Agreement], are clear and unambiguous, the contracting parties are bound to those terms and may not rewrite the contract to suit their favor.)

Callis' assertion that Hasco cannot state a claim for breach of contract based on the waiver provision is, however, also unavailing. Namely, such an argument fails to consider the entirety of the provision including the first sentence preceding the language relied on by Callis which directs that Callis' liability was *limited, i.e.,* "shall not exceed an amount equal to the greater of the service charges", not non-existent as Callis suggests. Based on the same language, Hasco's assertion that the damages waiver made it acceptable for Callis to never have to perform on the contract is also not entirely correct. Rather, the unambiguous language of the damages waiver limited recovery based on disputes to "an amount equal to […] the service charges", while simultaneously excluding damages for, among other things, loss profits, or loss of customers or goodwill.

7

There is no dispute that the parties executed the Agreement containing an unambiguous waiver provision limiting the damages available to Hasco arising under the Agreement. There is additionally no dispute that Hasco now seeks "lost profit damages, reputational damages, and other damages." As a result, Hasco may not be able to obtain loss profits or reputational damages. *See Bank of the Ozarks v. 400 South Land Co.*, LLC, 2012 WL 3704807 *5 (N.D. Ga. August 27, 2012)(counterclaim barred as a matter of law as to any Defendant that executed the waiver provision); *See also Ducool USA, Inc. v. PAR Family Ltd. Partnership*, 2012 WL 5420014 *2 (S.D. Fla. November 6, 2012) ("The Court is required to give the contract its plain meaning [...] Because the language limits liability for delay and the claim is one for breach of contract stemming from that delay, the Court must dismiss Count 1 of the Plaintiff's complaint."). However, whether Hasco may be able to obtain *all* of the damages it seeks, is not determinative of whether it has plausibly stated a claim. Instead, "[o]n a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff." *See, e.g., Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990). Pursuant to the Agreement, their remains Hasco's ability to seek "an amount equal to [...] the

service charges" arising out of the provision of services. Considering the well pled factual allegations set forth in Hasco's Counterclaim as true, as this Court must, and considering the entirety of the waiver provision and Hasco's request for "other damages" arising from Callis' alleged breach, this Court does not find that Count I of Hasco's Counterclaim fails to plausibly state a cause of action such that dismissal at this stage is warranted. Therefore, it is recommended that Callis' Motion to Dismiss with regard to Count I, be denied.

### B. Declaratory Judgment

Count Two of Hasco's Counterclaim states in pertinent part:

19. Plaintiff's alleged damages for breach of contract arise almost entirely from its purported right to certain termination fees under the Early Termination Penalties provision of the parties' contract.

20. Pursuant to 28 U.S.C. § 2201, a justiciable controversy exist between defendant and Plaintiff regarding the enforceability of the Early Termination Penalties provision in the parties' contract. Defendant contends the penalties provision is unenforceable as a matter of law because, among other reasons, it is an unenforceable illegal penalty. Plaintiff's amended complaint relies almost entirely on the penalties provision in seeking over $900,000 in damages in this case.

21. Therefore, Defendant requests that the Court declare that the Early Termination Penalties provision of the contract is illegal and unenforceable as a matter of law.

(Doc. 11 at 8). Callis seeks dismissal of this claim because it "merely questions issues that have been presented in Callis' Complaint and Hasco's affirmative defenses" making the declaratory judgment claim "moot,

9

redundant and improper". (Doc. 22 at 4-5). Hasco asserts its counterclaim is necessary because a ruling against Plaintiff's claims would not necessarily result in a ruling on Hasco's counterclaim and that without the counterclaim, Hasco would not be entitled to a judgment on the issue. (Doc. 27 at 6).

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). In deciding whether to entertain a declaratory judgment action, district courts are provided "ample" discretion. *Kerotest Mfg., Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84, 72 S.Ct. 219, 96 L.Ed. 200 (1952) ("an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts" in their decision to adjudicate declaratory judgment claims); *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007) ("The Declaratory Judgment Act provides that a court *may* declare the rights and other legal relations of any interested party, not that it must do so") (emphasis in original). This Court has previously summarized dismissal of counterclaims for declaratory judgments as follows:

> A number of courts have dismissed counterclaims that contain repetitious issues already before the court by way of the complaint or affirmative defenses. *Gratke v. Andersen Windows, Inc.*, 2010 WL 5439763, *2 (D. Minn. 2010). When deciding whether to dismiss a counterclaim on the basis that it is redundant, "courts consider whether the declaratory judgment serves a useful purpose." *Id*. at *3.

10

> To determine whether the declaratory judgment serves a useful purpose, courts should consider "whether resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Id.* [*citing to*] *Medmarc Casualty Ins. Co. v. Pineiro & Byrd PLLC*, 783 F.Supp.2d 1214, 1216–17 (S.D.Fla.2011).
>
> However, in cases where the declaratory relief sought is based on contract interpretation, courts are reluctant to dismiss a counterclaim for declaratory relief as redundant even when it is a near "mirror image" of the complaint, because a "ruling adverse to the plaintiff on plaintiff's claim would merely result in a judgment that plaintiff was not entitled to the relief requested; although it might logically flow from that judgment that defendant's interpretation of that contract was the correct one, defendants would not be entitled to a judgment to that effect unless th[ey] specifically requested one." *Medmarc Casualty Ins. Co.*, 783 F.Supp.2d at 1216 *citing Procentury Ins. Co. v. Harbor House Club Condo Assoc., Inc.*, 652 F.Supp.2d 552, 536 (D.N.J.2009)(quotation omitted).

*SE Property Holdings, LLC v. Sandy Creek, II, LLC*, 2012 WL 5381599, *3 (S.D. Ala. October 11, 2012). Further, "[e]ven if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *Medmarc Casualty Ins. Co.*, 783 F.Supp.2d at 1217 (*citing to Gratke*, 2010 WL 5439763 at *3).

In the present action, Callis has asserted claims for Open Account, Account Stated, and Breach of Contract against Hasco and Hasco has responded by asserting in its affirmative defenses, among other things, that "Plaintiff's claims are barred because the 'Early Termination Penalties' provision of the contract at issue is unconscionable, illegal, and unenforceable as a matter of law." (Doc. 11 at 5). While Callis is correct that Hasco's counterclaim for declaratory relief questions issues that have been asserted

11

in the Complaint and affirmative defenses, it is also viable that a judgment adverse to Callis, may not conclusively determine whether the Early Termination Penalties provision of the contract is enforceable. For example, if, as Hasco points out, Callis is unable to prove its damages with sufficient certainty or if Callis' claim is barred because Plaintiff failed to perform as required under the contract. (Doc. 27 at 6). Accordingly, because the declaratory relief sought is based on contract interpretation and because this Court has broad discretion in dismissing a declaratory judgment action which may be redundant, the undersigned does not recommend dismissal at this time.

## CONCLUSION

For the reasons set forth herein above, it is recommended that Callis' Motion to Dismiss (Doc. 21) be denied.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions

of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 5th day of May 2017.

>  */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**